IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JANICE HALL and ELLIS D. HALL                                                    PLAINTIFFS

v.                                                                CIVIL ACTION NO. 3:25-CV-249-RPC-RP

STATE FARM FIRE AND CASUALTY
COMPANY                                                                            DEFENDANT

ORDER AND MEMORANDUM OPINION

On December 5, 2025, Janice Hall and Ellis D. Hall ("Halls") filed an Amended Complaint against State Farm Fire and Casualty Company ("State Farm") [23]. The Halls make claims against State Farm related to damage caused to their home during a wind and hail storm on April 5, 2025. These include claims for breach of contract and breach of the covenant of good faith and fair dealing. They request damages, including punitive damages, and attorney fees. On December 19, 2025, State Farm filed an Answer to the Amended Complaint [28]. In their Answer, State Farm denied that the Halls are entitled to relief and specifically denied that plaintiff's damage was caused by events covered under the policy. Now before the Court is the Halls' Motion to Compel Appraisal [24]. The Court, having reviewed the parties' respective filings and the applicable authorities, hereby DENIES the Motion to Compel Appraisal [24].

*Relevant Background*

The Halls own a home in Ripley, Mississippi. On April 5, 2025, the plaintiffs suffered damage to their home and personal property. They allege the damage was caused by a wind and hail storm. At the time of the incident, the Halls had their home and personal property insured under an insurance policy issued by State Farm, No. 24-C8-2873-2 (the "Policy"). The Policy is a common form policy titled "State Farm Homeowners Policy" (Form No. HW-2124). The Halls

1

reported their claim to State Farm.  Plaintiffs' claim for damage related to the April 2025 weather event was assigned claim number 24-83L9-73W (the "Claim").

Upon receipt of the Claim, State Farm estimated the damage to be $909.60 after reductions for depreciation and the plaintiffs' deductible.  In State Farm's estimation, the damage was confined to 7 shingles on the front lower left slope of the roof and 15 shingles on the rear upper slope of the roof along with a small portion of the underlying ceiling. State Farm then tendered that amount to the Halls.  This constituted an "actual cash value" (ACV) payment of "the estimated cost to repair or replace [the damaged] property, less a deduction to account for pre-loss depreciation."

On June 11, 2025, the plaintiffs, unhappy with the payment tendered, sent State Farm a letter advising of their "intention to invoke the appraisal process."  State Farm responded on June 20, 2025, stating that it had not "received any itemized documentation of a specific dispute as to the amount of loss estimated by State Farm." The letter referred Plaintiffs to the portion of the Policy requiring that "[a]t least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed."  It further stated that "until there was an itemized disagreement over the amount of the loss, . . . the outlined condition for invocation of appraisal ha[d] not been met." State Farm also informed Plaintiffs:

> If you would like to submit itemized documentation (such as a contractor's estimate) of the specific dispute, and if you can confirm the repairs in disagreement have not yet been completed, we will, in good faith, attempt to resolve the disagreement represented in the estimate submitted. If an agreement cannot be reached, you may reassert your demand for appraisal in writing at that time; **but in any event, not sooner than 10 days after the date State Farm receives the itemized documentation**.

The Halls, on July 3, 2025, then submitted an estimate totaling $33,900.75. State Farm did

not agree with the Halls' estimate. The crux of the disagreement was the finding by the Halls' contractor that the entire roof, rather than 22 shingles, needed replacement.

On August 23, 2025, the Halls filed a Complaint [1] in this court. They subsequently filed their Amended Complaint [23]. Contemporaneously, with the Amended Complaint, Plaintiffs filed their Motion to Compel Appraisal [24]. State Farm responded, arguing both that the appraisal process was appropriate and that the invocation itself was improper.[1]

*Discussion*

The insurance policy provided by State Farm to the Halls contains an appraisal provision. That provision reads:

> **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal. Only **you** or **we** may demand appraisal. A demand for appraisal must be in writing. **You** must comply with **SECTION I – CONDITIONS, Your Duties After Loss** before making a demand for appraisal. At least 10 days before demanding appraisal, the party seeking appraisal must provide the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed.
>
> > a. Each party will select a competent, disinterested appraiser and notify the other party of the appraiser's identity within 20 days of receipt of the written demand for appraisal.
> >
> > b. The appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party, and jointly submit to each party a written report of agreement signed by them. In all instances the written report of agreement will be itemized and state separately the **actual cash value**, replacement cost, and if applicable, the market value of each item in dispute. The written report of agreement will set the amount of the loss of each item in dispute and will be binding upon **you** and **us.**
> >
> > c. If the two appraisers fail to agree upon the amount of the loss within 30 days, unless the period of time is extended by mutual agreement, they will

---

[1] This court will only review the necessity of an appraisal. State Farm clearly gave the Halls the opportunity to reassert their request for appraisal and the Halls accepted the invitation. State Farm's arguments about the specificity of the itemization supplied by the Halls are without merit. There are no specific criteria for such an itemization, just that the loss be itemized.

select a competent, disinterested umpire and will submit their differences to the umpire. If the appraisers are unable to agree upon an umpire within 15 days:

(1) **you** or **we** may make a written application for a judge of a court of record in the same state and county (or city if the city is not within a county) where the **residence premises** is located to select an umpire;

(2) the party requesting the selection described in item c.(1) must provide the other party:

(a) written notice of the intent to file, identifying the specific location and identity of the court at least 10 days prior to submission of the written application; and

(b) a copy of the written application; and

(3) a written report of agreement, as required in item b., signed by any two (appraisers or appraiser and umpire) will set the amount of the loss of each item in dispute and will be binding upon **you** and **us**. In all instances the written report of agreement will be itemized and state separately the **actual cash value**, replacement cost, and if applicable, the market value of each item in dispute.

d. To qualify as an appraiser or umpire for a loss to property described in **COVERAGE A - DWELLING**, a person must be one of the following and be licensed or certified as required by the applicable jurisdiction:

(1) an engineer or architect with experience and training in building construction, repair, estimating, or investigation of the type of property damage in dispute;

(2) an adjuster or public adjuster with experience and training in estimating the type of property damage in dispute; or

(3) a contractor with experience and training in the construction, repair, and estimating of the type of property damage in dispute.

e. A person may not serve as an appraiser or umpire if that person, any employee of that person, that person's employer, or any employee of their employer:

(1) has performed services for either party with respect to the claim at issue in the appraisal; or

(2) has a financial interest in the outcome of the claim at issue in the appraisal.

f. Each party will be responsible for the compensation of their selected appraiser. Reasonable expenses of the appraisal and the reasonable compensation of the umpire will be paid equally by you and us.

g. You and we do not waive any rights by demanding or submitting to an appraisal, and retain all contractual rights to determine if coverage applies to each item in dispute.

h. Appraisal is only available to determine the amount of the loss of each item in dispute. The appraisers and the umpire have no authority to decide:

(1) any other questions of fact;

(2) questions of law;

(3) questions of coverage;

(4) other contractual issues; or

(5) to conduct appraisal on a class-wide basis.

i. Appraisal is a non-judicial proceeding and does not provide for or require arbitration. Neither party will be awarded attorney fees. The appraisal award may not be entered as a judgment in a court.

j. A party may not demand appraisal after that party brings suit or action against the other party relating to the amount of loss.

The gist of the dispute between the parties boils down to the question of whether this is simply a disagreement as to the monetary amount of damages owed by State Farm or whether it is a question of the scope of coverage and/or causation. As State Farm points out "the appraisal clause of an insurance policy may only be invoked under certain circumstances." *Cheatham v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:20-CV-611-HTW-LGI, 2021 WL 4301383, at *6 (S.D. Miss. Sept. 21, 2021). "It is clear . . . under Mississippi law that the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the

function of determining the money value of the property' at issue." *Jefferson Davis Cnty. Sch. Dist. v. RSUI Indem. Co.*, No. CIV.A.2:08CV190KSMTP, 2009 WL 367688, at *2 (S.D. Miss. Feb. 11, 2009) (quoting *Munn v. Nat'l Fire Ins. Co.*, 115 So.2d 54, 55 (Miss. 1959)). Following the Mississippi Supreme Court's decision in *Munn*,

> where there is a dispute concerning the items of property that were damaged by a covered peril and should, therefore, be part of the appraisal, that coverage dispute— i.e. the question [of] whether the damage to the disputed item is a covered loss—is outside the authority of the appraisal panel to decide and is subject to litigation.

*Kuehn v. State Farm Fire & Cas. Co.*, No. CIV.A. 1:08CV577LTSR, 2009 WL 2567485, at *6 (S.D. Miss. Aug. 17, 2009) (citing *Munn*, 115 So.2d 54); accord *Cheatham*, 2021 WL 4301383, at *6 ("Where a disagreement relates to the cause of damage or the extent of damage, the appraisal process is not warranted.").

State Farm's position is that, while they agree that the storm did, in fact, damage the Halls' home, they do not agree with the scope of causally related damage claimed by the Halls. As stated above, the biggest disagreement is the Plaintiffs' claim that a total roof replacement is necessary as a result of the actual covered damage to the roof. As noted in *Jefferson Davis*, 2009 WL 367688, at *2:

> although the parties disagree about the value of various items of damage, they also disagree about a number of issues relating to coverage and causation— including whether certain items of damage were actually caused by Hurricane Katrina, as opposed to being preexisting damage, and whether certain allegedly damaged items (such as roofing) actually existed prior to Hurricane Katrina.

According to State Farm,

> [t]he latter disputes, the court held, pertained to 'the Policy's coverage of the losses and [the defendant's] liability for those losses"—issues that must first be determined 'before the matter can be submitted for appraisal of the value of those losses.'" *Id.*; *see also Point-O-Woods, LLC v. State Farm Fire & Cas. Co.*, No. 2:22-CV-54-KS-MTP, 2022 WL 3975180, at *2 (S.D. Miss. Aug. 31, 2022) (holding appraisal inappropriate as invoked by insured plaintiff where disputes

6

persisted as to the applicability of policy exclusions and "as to whether Hurricane Zeta caused certain portions of the damage"); *Jassby v. Scottsdale Ins. Co*., No. 1:13-CV-336-HSO-RHW, 2014 WL 3773564, at *1–2 (S.D. Miss. July 30, 2014) ("Defendant maintains that a covered peril caused only minor property damage to Plaintiff's home, while Plaintiff argues that a covered peril caused significant damage to his home. This presents a coverage issue, as opposed to only a valuation issue.").

State Farm Memorandum in Opposition [30], pg. 6.

The Halls argue that

[t]he dispute should be ordered to appraisal. It is "well settled" in Mississippi that appraisal provisions in insurance policies are "valid and enforceable in accordance with their terms." *Landmark Am. Ins. Co. v. Bradford-O'Keefe Funeral Home*, No. CIV.A.108CV79-HSO-JMR, 2009 WL 2923251, at *2 (S.D. Miss. Sept. 11, 2009) (collecting cases) (quotation omitted); accord *City of Laurel, Mississippi v. ARGO GROUP US*, No. 2:08cv185KS-MTP, 2009 WL 112220, at *2 (S.D. Miss. Case: 3:25-cv-00249-RPC-RP Doc #: 25 Filed: 12/05/25 6 of 9 PageID #: 170 7 | Page 2009) ("Appraisal provisions in insurance contracts are enforceable.") (collecting cases). Mississippi law "favors" appraisals as a means of resolving "controversies without court involvement." *Mitchell v. Aetna Cas. & Sur. Co*., 579 F. 2d 342, 350 (5th Cir. 1978).

Halls Memorandum in Support [25], pg. 6.

The Halls submit that State Farm's claim of scope and coverage disputes are all "sound and fury, signifying nothing." [2] They claim not to seek to resolve "questions of coverage" but, rather, seek to merely ascertain the amount of benefits owed. They opine that, because the roof is covered and because it was damaged, that the only question is the amount owed.

Plaintiffs maintain that State Farm's estimate to repair the roof is not feasible. As stated in their reply, on July 18, 2025, Logan Willbanks with True Shield Roofing emailed State Farm stating:

I am sending the requested images of the shingles that were damaged by wind. Please note that the roof cannot be repaired due to the shingles having a discontinued 5" exposure length. Modern shingles are manufactured with a standard exposure of approximately 5 5/8", which is not compatible with the older

---

[2] William Shakespeare's *Macbeth* (Act 5, Scene 5).

5" exposure. This mismatch prevents proper alignment, resulting in an uneven appearance and potential for water intrusion, making repair unfeasible.

Halls Reply in Support [33], pg 3.

The Halls cite a Texas case, ***State Farm Lloyds v. Johnson***, 290 S.W. 3d 886 (Tex. 2009), to support their position. They argue that ***Johnson*** is factually similar and that the arguments were identical. ***Johnson*** stated, in part:

> [a] dispute about how many shingles were damaged and needed replacing is surely a question for the appraisers … The cost of replacing shingles (or anything else) is a function of both price and number [and] appraisers must factor in both shingle prices and shingle numbers to decide the 'amount of loss.' [Thus, t]o the extent the parties disagree which shingles needed replacing, that dispute would fall within the scope of appraisal.

***Daghestani v. Allstate Ins. Co.***, 2015 U.S. Dist. LEXIS 185388 (S.D. Tex., March 13, 2015) (alterations in original) (quoting ***State Farm Lloyds v. Johnson***, 290 S.W. 3d 886, 891 (Tex. 2009)).

Mississippi law governs this case. Pursuant to ***Munn*** and its progeny, State Farm must prevail. Under Mississippi law, the appraisal process is limited to the determination of the money value of the property at issue. ***Munn***, 115 So.2d at 55. It is not to determine the cause of loss or to determine coverage issues. ***Id.*** While ***Johnson*** is persuasive, it does not trump Mississippi law. Further, it is distinguishable. The language cited from ***Johnson*** references disputes as to "which specific shingles were damaged[.]" The dispute in our case revolves not around damaged shingles but, rather, undamaged shingles and the necessity for their replacement to avoid a mismatch due to discontinuation which might result in an "uneven appearance" and "potential" water issues. It is the difference between the replacement of 22 shingles and the replacement of an entire roof. This matching dispute is an issue of coverage, not valuation, as it relates to scope of loss. *See, e.g.,* ***Townhomes at Fishers Pointe Homeowners Ass'n, Inc. v. Depositors Ins. Co.***, 2025 WL 744641, *9 (S.D. Ind. 2025) (collecting cases) ("Other courts nationwide agree that the question of whether

a policy requires replacement of undamaged property to achieve matching is a coverage question.”).

*Conclusion*

For the reasons set forth above, the Halls' Motion to Compel Appraisal [24] is DENIED.

SO ORDERED, this the 14th day of April, 2026.

_____
UNITED STATES DISTRICT JUDGE